UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HUBERT E. WALKER, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-CV-124 ) ) |
| TRAILER TRANSIT, INC., | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Trailer Transit, Inc. ("Defendant"), hereby removes this case from the Marion County Superior Court of Indiana to the U.S. District Court for the Southern District of Indiana. In support of this removal, Defendant states as follows:

1.  **The Action.** Plaintiff, Hubert E. Walker ("Plaintiff"), filed his Class Action Complaint styled *Hubert E. Walker, on behalf of himself and all others similarly situated v. Trailer Transit, Inc.* (the "Class Action Complaint"), in the Marion County Superior Court on September 13, 2011. The Class Action Complaint asserts claims for breach of contract and unjust enrichment arising from Defendant's alleged failure to pay independent contractor owner-operators the full percentage of revenues owed to them under the terms of an Independent Contractor Leases ("Agreement"). On May 9, 2012, the Marion County Superior Court certified the following class pursuant to Rule 23 of the Indiana Rules of Trial Procedure:

> All persons and entities who entered into a Lease Agreement with Trailer Transit, Inc., at any time between September 13, 2001, and the date on which a class is certified in this action.

Attached hereto as the State Court Record are copies of the pertinent pleadings and papers filed in the Marion County Superior Court of Indiana.

  **2.** **Statutory Grounds for Removal.** This action is removable under 28 U.S.C. §§ 1441(a) and 1453.  Section 1441(a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction.  For the reasons provided in greater detail below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (1) it is a class action in which the proposed class includes at least 100 members; (2) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs; and (3) members of the class and Defendant are citizens of different states.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

  **3.** **Citizenship of the Parties.** Plaintiff alleges he is a resident of the state of Illinois.  *Class Action Compl.*, ¶ 5.  Therefore, Plaintiff is a citizen of Illinois.  In addition, several of the class members reside outside of Indiana[1] and are citizens of those states in which they reside.  *See Wilcoxson Aff.*, ¶ 5.

  Defendant is an Indiana corporation with its principal place of business located in Indiana.  Defendant is therefore a citizen of Indiana.

---

[1] Less than one-third of the class members are citizens of Indiana.  *See Affidavit of David Wilcoxson* ("Wilcoxson Aff."), ¶ 5. The *Wilcoxson Declaration* is attached to this Notice as *Exhibit 1* and is incorporated herein by reference.

Therefore, members of the class and Defendant are citizens of different states, and the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is met.

4. **The Aggregate Number of Proposed Class – 28 U.S.C. § 1332(d)(5)(B).** Pursuant to the Order Granting Plaintiff's Motion for Class Certification, the class is defined to include all persons and entities who entered into a Lease Agreement with Trailer Transit, Inc., at any time between September 13, 2001, and May 9, 2012 (the "Relevant Time Period"). After the class was certified, it was initially determined the class included over 1000 drivers, which is more than the 100 members required by 28 U.S.C. § 1332(d)(5)(B). *See Wilcoxson Aff.*, ¶ 4.

5. **Timeliness of Removal.** Pursuant to 28 U.S.C. § 1446(b)(3), if a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[2]

This case was not immediately removable based on the allegations contained in Plaintiff's Class Action Complaint because the amount in controversy did not exceed $5,000,000.00, as required by 28 U.S.C. § 1332(d)(2). As an initial matter, nowhere in the Class Action Complaint does Plaintiff specify a particular dollar amount of alleged damages. Additionally, based upon Plaintiff's theory of liability and a review of Defendant's records,

---

[2] Under CAFA, "the 1-year limitation under Section 1446(a)(1) shall not apply." 28 U.S.C. § 1453(b).

Plaintiff's alleged damages fell short of the $5,000,000.00 amount in controversy requirement.

Specifically, Plaintiff initially claimed Defendant charged its customers more for certain items intended to reimburse Defendant (*e.g.*, permits and escort fees) than Defendant's out-of-pocket costs for these items, and that Defendant breached the contract by failing to pay Plaintiff 71% of this alleged overcharge. *See, e.g., Class Action Compl.*, ¶¶ 3-4, 29. In other words, Plaintiff's alleged damages were initially limited to 71% of the *portion of* a charge that *exceeded* the actual out-of-pocket cost for the item, and not 71% of the actual out-of-pocket cost as well. Based on a review of Defendant's records, Plaintiff's damages under this theory would have been less than $5,000,000.00. *Wilcoxson Aff.*, ¶ 7.

Defendant was not put on notice that the amount in controversy might exceed the $5,000,000.00 threshold until Plaintiff responded to Defendant's First Request for Admissions.[3] On December 21, 2012, Defendant received a courtesy copy[4] of Plaintiff's Answers to Defendant's First Requests for Admission, wherein Plaintiff asserted for the first time that he and the class would be entitled to 71% of the *entire* items such as permits and escort fees, including the out-of-pocket cost of the items charged. *See Plaintiff's Answers to Defendant's First Requests for Admission*, ¶¶ 1-4. As noted below, the

---

[3] Plaintiff's Answers to Defendant's First Requests for Admission are attached to this Notice as *Exhibit* 2.

[4] Plaintiff provided a courtesy copy of Plaintiff's Answers to Defendant's First Request for Admissions via email on December 21, 2013. Trailer Transit assumes, without conceding, that the courtesy copy triggered the 30-day period under 28 U.S.C. § 1446(b)(3).

amount in controversy under Plaintiff's new theory exceeds $5,000,000. Using December 21, 2012, as the triggering date, the deadline to file the notice of removal is January 22, 2013. *See* Fed. R. Civ. P. 6(a) (providing that deadlines that fall on a Saturday, Sunday, or Legal Holiday continue to the next day that is not a Saturday, Sunday, or Legal Holiday). Because Defendant's Notice of Removal was filed within 30 days after receipt of Plaintiff's Answers to Defendant's First Requests for Admission, the Notice is timely under 28 U.S.C. § 1446(b)(3).

6. **Amount in Controversy – 28 U.S.C. § 1332(d)(2).** Although Defendant denies all of Plaintiffs' material allegations, the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold under CAFA by virtue of the Class Action Complaint's allegations, Plaintiffs' summary judgment briefing, and Plaintiff's Answers to Defendant's First Requests for Admission. Plaintiff asserts Defendant breached the Agreement by not paying the drivers what they were owed under paragraph 3 and Appendix B ("Compensation Provision") of the Agreement, which states:

> The parties mutually agree that [Trailer Transit] shall pay to [Plaintiff], as rental for the equipment leased herein, for trips under [Trailer Transit]'s operating authorities or in [Trailer Transit]'s service, a sum equal to seventy-one percent (71%) of the gross revenues derived from use of the equipment leased herein (less any insurance related surcharge and all items intended to reimburse [Trailer Transit] for special services, such as permits, escort service and other special administrative costs including, but not limited to Item 889).

Plaintiff alleges Defendant charged its customers more for certain services than the underlying out-of-pocket cost to Trailer Transit for performing the services.

5

As discussed above, under Plaintiff's new theory, Plaintiff and the Class would be entitled to 71% of the entire charge, including the underlying out-of-pocket cost, when the fee charged exceeds that cost.

Based on a review of Defendant's records, if Plaintiff and the class members were to succeed on these claims and recover 71% of the entire item, their potential damages would exceed the $5,000,000.00 amount in controversy threshold. For just two of the disputed items, permits and escorts, a review of Trailer Transit's records indicates Trailer Transit charged its customers approximately ███████ during the Relevant Time Period. Therefore, under Plaintiff's new theory, Plaintiff and the class would be entitled to 71% of the entire amount, or ███████, if they succeed on their claims. In addition, for fiscal year 2009, the total amount Trailer Transit charged its customers for the Admin Surcharge was ███████. Under Plaintiff's new theory, Plaintiff and the class would be entitled to 71% of this amount, or $1,005,863.18.

Therefore, on just three of the disputed charges, Plaintiff's and the class's alleged damages under Plaintiffs' new theory would be ███████. The jurisdictional threshold under CAFA is met.

**7.    Class Action.**  This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453. Those statutes provide that a class action is a civil action filed either under Fed. R. Civ. P. 23 or a similar state statute or rule that authorizes one or more representative persons to maintain a class action. 28 U.S.C. §§ 1332(d)(2), 1453. In this case, Plaintiff filed his Class

Action Complaint in the Marion County Superior Court. The Marion County Superior Court certified the class under Indiana Trial Rule 23, which authorizes representative class actions. *See* Ind. T.R. 23. Additionally, as noted above, there are more than 100 persons falling within the class definition as certified by the Marion County Superior Court. *Order Granting Plaintiff's Motion for Class Certification*, ¶ 3.

8. **Notice of Removal to Adverse Parties and to State Court Clerk**. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of removal to Plaintiff and to the Clerk of the Marion County Superior Court of Indiana. Specifically, promptly after filing this Notice of Removal, Defendant shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit* 3.

9. **No Waiver**. By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant respectfully removes this case to this Court.

Respectfully submitted,

*/s/ Robert L. Browning*
Robert L. Browning
Attorney No.:  15128-49
James H. Hanson
Attorney No.:  8100-49
Christopher J. Eckhart
Attorney No.:  27823-49

Attorneys for Defendant,
Trailer Transit, Inc.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following, by first-class U.S. mail, postage prepaid, on January 22, 2013:

Irwin B. Levin
Richard E. Shevitz
Vess A. Miller
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

               ***/s/ Robert L. Browning***
               Robert L. Browning

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777