# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HUBERT E. WALKER, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:13-cv-00124-TWP-DKL<br>) |
| TRAILER TRANSIT, INC., | )<br>) |
| Defendant. | ) |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant Trailer Transit, Inc. ("Trailer Transit"), pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 76). Plaintiff Hubert Walker ("Mr. Walker") filed this breach of contract action against Trailer Transit on behalf of himself and all others similarly situated, alleging that Trailer Transit failed to pay him and other employees the full amount of compensation due under the terms of equipment lease agreements. For the reasons set forth below, Trailer Transit's Motion for Judgment on the Pleadings is **GRANTED**.

## I. BACKGROUND

The facts of this case are set forth in detail in the Court's Entry on Trailer Transit's Motion for Summary judgment (Filing No. 70), and thus will only be briefly summarized. Mr. Walker is a former employee of Trailer Transit who worked as a driver. Trailer Transit provides transportation solutions to its customers by entering into lease agreements with independent contractor owner-operators of semi-tractors ("Drivers") to handle the pick-up and delivery of customers' trailers. The lease agreements provide, in relevant part, that the Drivers were to receive 71% of the gross revenues derived from the use of the leased equipment, less any insurance related

surcharges and all items intended to reimburse Trailer Transit for special services (the "Add-On Fees"). Mr. Walker alleges that he and the other Drivers are entitled to receive 71% of the amount of the Add-On Fees charged to customers that was in excess of Transit Trailer's out-of-pocket costs.

In its Entry on Trailer Transit's Motion for Summary Judgment (Filing No. 70), the Court concluded that, as a matter of law, there was no basis in the Lease Agreement for the Drivers to claim that they are entitled to 71% of any portion of the Add-On Fees. *See* Filing No. 70, at ECF p. 6 ("[T]he Court finds that the Add-On Fees are excluded in their entirety from gross revenue that forms the basis of the Drivers' compensation, and Mr. Walker and the Drivers are not entitled to any portion of the gross revenues, or net revenues, that fall into these categories."). Trailer Transit now seeks judgment on the pleadings based upon the Court's legal conclusion in the summary judgment entry.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The facts in the complaint are viewed in light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id*. (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co*., 895

F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone . . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id*. (internal citations omitted).

### III. DISCUSSION

Trailer Transit argues that because Mr. Walker's Complaint sets forth a single breach of contract theory that the Court has determined is not valid as a matter of law, it is entitled to judgment on the pleadings. Mr. Walker's only response to this assertion is a restatement of his arguments made at summary judgment that the Court has already rejected, and a single-sentence request for the Court to reconsider its ruling. Mr. Walker does not deny that his Complaint is based upon the theory that Trailer Transit charged its customers Add-On Fees in an amount that exceeded the actual out-of-pocket costs to Trailer Transit for providing those services, and that Trailer Transit breached the Lease Agreements by not paying Drivers 71% of the portion of the charge that exceeded Trailer Transit's out-of-pocket costs. *See* [Filing No. 1-1, at ECF pp. 3-4](#) (explaining breach of contract theory and quoting Lease Agreement Compensation Provision). Mr. Walker merely argues that he "does not read the Court's order so broadly[.]" [Filing No. 80, at ECF p. 4](#). However, he does not offer an alternative interpretation of the Court's order, nor is there any basis for an alternative reading that favors Mr. Walker's position.

The Court rejects Mr. Walker's request that the Court reconsider its ruling on the motion for summary judgment for two reasons. First, the request violates Local Rule 7-1, which states "[a] motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." S.D. Ind. L.R. 7-1(a). Mr. Walker's motion to reconsider is improperly contained in the response brief to Trailer Transit's Motion for Judgment on the Pleadings. Second, a motion to reconsider "is not an appropriate forum for rehashing previously

rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

Mr. Walker does not present any new evidence that was not available at the time the summary judgment motion was briefed, nor does he assert that the Court made a manifest error of law or fact. A court may grant a motion to reconsider only where a movant demonstrates a manifest error of law or fact, but it is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). Any new or restated arguments by Mr. Walker must be rejected.

The Court's Entry is clear that "Mr. Walker and the Drivers are not entitled to 71% of the portion of Trailer Transit's Add-On Fees that exceed its actual out-of-pocket costs under the terms of the Compensation Provision of the Lease Agreement[.]" [Filing No. 70, at ECF p. 8](Filing No. 70, at ECF p. 8). This Compensation Provision was included in Mr. Walker's Complaint, and is thus properly considered in ruling on this motion. Although the Court did state in its summary judgment ruling that there may be questions of fact regarding what other charges are included in "special services" and "other

4

special administrative costs" such that they are also excluded from the Drivers' compensation, Mr. Walker does not make any argument that other fees besides those specifically mentioned in the contract – insurance related costs, permits, escort services, and charges billed under Item 889[1] – would fall outside these general categories. Rather, Mr. Walker continues to insist that he and the class members are entitled to 71% of the net revenues from the Add-On Fees because they are not "items intended to reimburse" Trailer Transit. He has not sought to amend his complaint or otherwise provide any further clarification to the Court, thus failing to show that there are any set of facts that would support his claim for relief. Because Mr. Walker continues to assert this single breach of contract theory that has been explicitly rejected by the Court, Trailer Transit is entitled to judgment on the pleadings.

## IV. CONCLUSION

The Court finds that Mr. Walker cannot prove any set of any facts that would support his claim for relief based upon the allegations set forth in his Complaint. Therefore, Trailer Transit's Motion for Judgment on the Pleadings (Filing No. 76) is **GRANTED**, and Mr. Walker's Class Action Complaint is **DISMISSED with prejudice**. Final judgment shall issue in a separate entry.

**SO ORDERED.**

Date: 2/19/2015

_[signature: Tanya Walton Pratt]_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] Trailer Transit has also filed a Motion for Clarification or, Alternatively, for Reconsideration (Filing No. 78). Trailer Transit asks the Court to clarify that "charges billed under Item 889" includes the "admin surcharge." Based upon the undisputed evidence considered by the Court, "admin surcharges" are "charges billed under Item 889," as stated by Trailer Transit's Chief Financial Officer, David Wilcoxson. Mr. Walker misreads Mr. Wilcoxson's deposition testimony, in which he explains the *origin* of the term "889," which is how administrative surcharges were designated under their old tariff system and is now Trailer Transit's commodity number. Filing No. 14-2, at ECF p. 8. Mr. Walker provides nothing besides his self-serving affidavit disagreeing with this interpretation in support of his argument that "charges billed under Item 889" do not include administrative surcharges. The Court therefore **GRANTS** Trailer Transit's Motion for Clarification, and clarifies that "charges billed under 889" include "admin surcharges" in the Court's Entry on Summary Judgment. However, in light of the Court's ruling on the Motion for Judgment on the Pleadings, this issue is moot.

DISTRIBUTION:

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Christopher J. Eckhart
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ceckhart@scopelitis.com

James H. Hanson
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jhanson@scopelitis.com

Robert L. Browning
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
rbrowning@scopelitis.com